IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| RENEE BRUNO, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:23-cv-00036-DC-DF |
| | § | |
| AMERICAN ECONOMY INSURANCE | § | |
| COMPANY AND DYLAN HARVILL, | § | |
| *Defendants*. | § | |

## DEFENDANT AMERICAN ECONOMY INSURANCE COMPANY'S AMENDED ANSWER

Comes now Defendant, **AMERICAN ECONOMY INSURANCE COMPANY** (hereinafter "Defendant") and pursuant to the Court Order to Amend Pleadings and Federal Rules of Civil Procedure 7, and 8, files its Amended Answer to Plaintiff's Original Petition ("Petition") and states:

### PARTIES

1.      Answering Paragraph 1 of Plaintiff's Petition, Defendant admits that Defendant issued to Plaintiff a homeowner's insurance policy for a property located in Pecos County, Texas. Defendant is without sufficient information or knowledge to form a belief about the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Petition, and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

2.      Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Petition.

3.      Paragraph 3 is now moot and does not require a response from Defendant. To the extent it requires a response, Defendant is without sufficient information or knowledge to form a belief about the truth of those allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

1

**DISCOVERY LEVEL**

4.      As to Paragraph 4 of Plaintiff' Petition, Defendant states that Texas Rules of Civil Procedure does not govern the case at bar and a response is not required. To the extent that a response is required, Defendant denies all allegations contained in Paragraph 4.

**JURISDICTION**

5.      Answering Paragraph 5, Defendant admits that this Court has jurisdiction over this matter. Plaintiff's demand for monetary and non-monetary relief does not require Defendant's response. The remaining allegations do not require a response from Defendant. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the requested relief and states that Plaintiff's right to amend her Petition is governed by the Federal Rules of Civil Procedure and this Court's orders.

6.       As to Paragraph 6, Defendant admits that this Court has jurisdiction over this Defendant.

7.      Defendant states that Paragraph 7 is now moot. To the extent a response is required, Defendant denies that this Court has jurisdiction over Mr. Dylan Harvill, and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

**VENUE**

8.       Defendant admits that venue is proper in Pecos County, Texas.

**FACTS**

9.      Defendant incorporates and restates its answers to Paragraphs 1-8 of Plaintiff's Petition as if fully restated herein.

10.      As to Paragraph 9, Defendant admits that Defendant issued to Plaintiff a property insurance policy number OY8235334. Defendant denies all other allegations not specifically

#905981v1

admitted and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

11.     As to Paragraph 10, Defendant is without sufficient information or knowledge to form a belief about the truth of those allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

12.     Answering Paragraph 11, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

13.     Answering Paragraph 12, Defendant admits that Plaintiff submitted a claim, 051251926, for property damage arising from a storm event. Defendant denies all remaining allegations not specifically admitted and demands that Plaintiff meet her burden of proof as to those allegations.

14.     As to Paragraph 13, Defendant admits that it assigned its claim adjuster, Mr. Harvill, to handle the claim. Defendant denies all remaining allegations not specifically admitted and demands that Plaintiff meet her burden of proof as to those allegations.

15.     Answering Paragraph 14, Defendant is without sufficient information or knowledge to form a belief about the truth of those allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

16.     Answering Paragraph 15, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

17.     Answering Paragraph 16, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

18.     Answering Paragraph 17, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

#905981v1

19.    Answering Paragraph 18, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

20.    Answering Paragraph 19, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

21.    Answering Paragraph 20, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

22.    Answering Paragraph 21, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

23.    Answering Paragraph 22, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

24.    Answering Paragraph 23, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

25.    Answering Paragraph 24, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

26.    Answering Paragraph 25, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

27.    Answering Paragraph 26, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

28.    Answering Paragraph 27, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

29.    Answering Paragraph 28, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

#905981v1

30.     Answering Paragraph 29, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

31.     Answering Paragraph 30, Defendant admits that Plaintiff is represented by her attorneys.  Defendant denies all remaining allegations not specifically admitted and demands that Plaintiff meet her burden of proof as to those allegations.

32.     Defendant admits the allegations contained in Paragraph 31.

## CAUSE OF ACTION

33.     Defendant incorporates and restates its answers to Paragraphs 1-31 of Plaintiff's Petition as if fully restated herein.

34.     As to Paragraph 32, Defendant states that it does not require a response.

### I.     Causes of Action Against Harvill

35.     Answering Paragraph 33, Defendant states that the causes of action against Mr. Harvill are now moot and do not require a response. To the extent a response is required from this Defendant, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

### A.     Noncompliance with Texas Insurance Code: Unfair Settlement Practices

36.     Answering Paragraph 34, Defendant states that the causes of action against Mr. Harvill are now moot and do not require a response. To the extent a response is required from this Defendant, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein. Further, any statutes or regulations speak for themselves.

37.     Answering Paragraph 35, Defendant states that the causes of action against Mr. Harvill are now moot and do not require a response. To the extent a response is required from this Defendant, Defendant denies all allegations and demands that Plaintiff meet her burden of proof

5

#905981v1

as to each and every allegation therein. Further, any statutes, regulations, or case law speak for themselves.

38.     Answering Paragraph 36, Defendant states that the causes of action against Mr. Harvill are now moot and do not require a response. To the extent a response is required from this Defendant, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

39.     Answering Paragraph 37, Defendant states that the causes of action against Mr. Harvill are now moot and do not require a response. To the extent a response is required from this Defendant, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

40.     Answering Paragraph 38, Defendant states that the causes of action against Mr. Harvill are now moot and do not require a response. To the extent a response is required from this Defendant, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

41.     Answering Paragraph 39, Defendant states that the causes of action against Mr. Harvill are now moot and do not require a response. To the extent a response is required from this Defendant, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

42.     Answering Paragraph 40, Defendant states that the causes of action against Mr. Harvill are now moot and do not require a response. To the extent a response is required from this Defendant, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

#905981v1

## II.        Causes of Action Against American

43.        Answering Paragraph 41, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

### A.        Breach of Contract

44.        Answering Paragraph 42, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

### B.        Noncompliance with Texas Insurance Code: Unfair Settlement Practices

45.        Answering Paragraph 43, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein. Further, any statutes or regulations speak for themselves.

46.        Answering Paragraph 44, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

47.        Answering Paragraph 45, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

48.        Answering Paragraph 46, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

49.        Answering Paragraph 47, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

50.        Answering Paragraph 48, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

#905981v1

**C.    Noncompliance with Texas Insurance Code: Prompt Payment of Claims Statutes**

51.    Answering Paragraph 49, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

52.    Answering Paragraph 50, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

53.    Answering Paragraph 51, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

54.    Answering Paragraph 52, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

**D.    Breach of the Duty of Good Faith and Fair Dealing**

55.    Answering Paragraph 53, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

**E.    Knowledge**

56.    Answering Paragraph 54, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

**REQUEST FOR REQUIRED INITIAL DISCLOSURES**

57.    As to Paragraph 55, Defendant denies that this suit is governed by the Texas Rules of Civil Procedure and states that Plaintiff's request is moot. To the extent a response is required, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

8

#905981v1

**RULE 193.7 NOTICE**

58.    As to Paragraph 56, Defendant denies that this suit is governed by the Texas Rules of Civil Procedure and states that Plaintiff's Rule 193.7 notice is moot. To the extent a response is required, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

**DAMAGES**

59.    Defendant incorporates and restates its answers to Paragraphs 1-56 of Plaintiff's Petition as if fully restated herein.

60.    Answering Paragraph 57, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

61.    Answering Paragraph 58, Defendant denies all allegations and demands that Plaintiff meet her burden of proof as to each and every allegation therein.

62.    Paragraph 59 does not require a response by Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief.

63.    Paragraph 60 does not require a response by Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief.

64.    Paragraph 61 does not require a response by Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief.

65.    Paragraph 62 does not require a response by Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief.

66.    Paragraph 63 does not require a response by Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief.

#905981v1

**JURY DEMAND**

67.     Paragraph 64 does not require a response by Defendant.

68.     Any allegation, not specifically admitted by Defendant, is denied.

## DEFENDANT AMERICAN ECONOMY INSURANCE COMPANY'S AFFIRMATIVE DEFENSES

Subject to but without waiving Defendant's denial of the allegations, as worded, in Plaintiff's Petition, Defendant alternatively raises the following affirmative defenses available under the law:

A.     To the extent that Plaintiff has failed to comply with the conditions precedent in the American Economy Insurance Company's Policy No. OY8235334 made the subject of this suit (the "Policy"), if any, Defendant reserves the right to assert all resultant defenses in response, and, further, as applicable, abate this suit until Plaintiff complies with such conditions precedent.

B.     To the extent applicable, Defendant affirmatively asserts that Plaintiff's claims are barred, in whole or in part, by the terms and conditions set forth in the Policy along with endorsements thereto, all of which are expressly incorporated by reference as if set forth fully herein.

C.     To the extent that Plaintiff has failed to comply with the requirements of Texas Insurance Code § 541.154; Texas Insurance Code § 542A.001 *et seq.*, including, but not limited to, Tex. Ins. Code § 542A.003; and the Deceptive Trade and Practices Act Section 17.505(a), Defendant reserves the right to abate this suit and any other right reserved to Defendant in accordance with the provisions of those statutes.

D.     Plaintiff's bad faith claims are barred to the extent Plaintiff did not sustain any injury independent of Plaintiff's alleged right to recover benefits under the Policy. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499 (Tex. 2018).

#905981v1

E.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate her damages.

F.      Defendant hereby reserves the right to sever Plaintiff's claims and abate any extracontractual claims until Defendant's liability on Plaintiff's policy is determined. *See, e.g.*, *In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 876 (Tex. 2021).

G.      To the extent applicable, Defendant affirmatively asserts that it is entitled to the additional 15 days for the deadlines set forth in Texas Insurance Code Chapter 542. Tex. Ins. Code § 542.059(b); *United Nat. Ins. Co. v. AMJ Investments, LLC*, 447 S.W.3d 1, 14 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd).

H.      To the extent that Plaintiff's intentional, negligent, or other acts and/or omissions may constitute breach of the Insurance Policy, then Defendant is entitled to the resultant defenses under the Insurance Policy and applicable law which may limit or deny coverage.

I.      Defendant affirmatively asserts that it is entitled to offset those sums already paid to Plaintiff pursuant to Plaintiff's claims under his insurance policy.

J.      Defendant affirmatively asserts that it did not breach the duty of good faith and fair dealing nor failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims because a good faith dispute existed as to the extent of Plaintiff's damages covered under his policy. See, e.g., *Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 574 (Tex. App.—San Antonio 2011, pet. denied).

K.      Defendant reserves the right to invoke appraisal pursuant to the terms and conditions of the Policy. The filing of this Answer, or any other act performed by Defendant in the defense of this lawsuit should not be deemed as a waiver of Defendant's right of appraisal.

#905981v1

L.      In accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code, Defendant requests that the percentage of responsibility of Plaintiff, and each Defendant, settling person, responsible third party, and any and all other applicable persons and entities be determined in the subject suit, that Defendant receive all rights to reduction, credit, and set-off to which it is entitled under applicable law, and that Defendant receive any and all other rights and benefits of Chapters 32 and 33 to which it is entitled under those sections and applicable law.

M.      Defendant affirmatively asserts and relies upon the legislative limitations on damages as set forth in any and all provisions of Chapter 41 of the Texas Civil Practice and Remedies Code.

N.      Defendant affirmatively asserts that that any award of prejudgment interest must be governed and limited by the provisions of Chapter 304, Subchapter B of the Texas Finance Code.

O.      Defendant affirmatively asserts that it has not committed any act or omission that could subject it to extra-contractual damages. Defendant further pleads that any award to Plaintiff of exemplary, additional, treble or punitive damage or penalties is limited as prescribed by Chapter 41, Texas Civil Practice & Remedies Code, and Texas Insurance Code sections 541.152 and 542.060.

P.      Defendant affirmatively asserts it did not act or fail to act in any way that constitutes fraud, gross negligence, and/or malice, either directly, indirectly, or otherwise as stated under Tex. Civ. Prac. & Rem. Code, Chapter 41.

Q.      Defendant affirmatively asserts and invokes the standards of recovery and limitations on the amount of recovery for punitive or exemplary damages as set forth in Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to the limitations set forth in Section 41.008(b).

#905981v1

R.       Defendant affirmatively asserts that Plaintiff is not entitled to recover punitive

damages or exemplary damages in any form or fashion in this cause of action, in that it would

violate the Defendant's rights under the Constitution of the United States and the Constitution of

the State of Texas including as follows:

i.      The contracts Clause of Article I, Section 10 of the United States Constitution is violated because any party's claim of punitive/exemplary damages is an attempt to impose punitive damages through retrospective application of new judge-made substantive rules.  Due process requires fair notice of the type of conduct that will subject a person or entity to monetary punishment, and fair notice of a range of any monetary punishment that may be imposed for deviation from the standard.  Due process prohibits punishment for violation of unsettled standards and standards not judicially established until the conduct complained of has taken place.

ii.     Due process requires proof of gross negligence and punitive/exemplary damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims by at least a clear and convincing standard of proof.  Lack of a sufficient standard governing punitive damages in Texas violates the due process clause of the Constitution of the United States.

iii.    The assessment of punitive/exemplary damages, a remedy that is essentially criminal in nature, without safeguards greater than those afforded by Texas civil procedure and law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and of Article I, Section 19 of the Constitution of the State of Texas.

iv.     Punitive/exemplary damages under Texas procedure and law constitute an excessive fine in violation of the Eighth Amendment of the Constitution of the United States, and of Article I, Section 19 of the Constitution of the State of Texas.

v.      Punitive/exemplary damages under Texas law are a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and of Article I, Section 19 of the Constitution of the State of Texas.

S.       Defendant affirmatively asserts that to the extent punitive and/or exemplary

damages are awarded, such damages are limited in this case by the doctrines enunciated by the

United States Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Campbell et

al.*,538 U.S. 408 (U.S. 2003) and its progeny.

13

T.      Defendant does not knowingly nor intentionally waive any applicable affirmative

defenses. Defendant reserves the right to assert additional defenses that may be discovered in the

course of the proceedings of this matter and to which it may be entitled under the law.

**PRAYER**

WHEREFORE, Defendant **AMERICAN ECONOMY INSURANCE COMPANY**

prays that this Court dismiss with prejudice Plaintiff's Original Petition, or in the alternative, that

Defendant be awarded judgment in its favor, with its costs, fees, and such other and further relief

as the Court may deem proper.

Respectfully submitted,

**RAY, PENA & McCHRISTIAN, P.C.**
A Professional Corporation
5822 Cromo Drive
El Paso, Texas 79912
(915) 832-7200; (915) 832-7333 Fax

Date: September 29, 2023     By: */s/ Marisa Y. Ybarra - Williams*
**MARISA YBARRA-WILLIAMS**
State Bar No. 24067360
mybarra-williams@raylaw.com
**YUNJU ROSA SUNG**
State Bar No. 24106481
rsung@raylaw.com
*Attorneys for American Economy Insurance*
*and Dylan Harvill*

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 29, 2023, a copy of the foregoing was electronically filed through the CM/ECF system, which caused participating CM/ECF counsel to be served with same by electronic means.

*/s/ Marisa Y. Ybarra - Williams*
**MARISA YBARRA-WILLIAMS**

15

#905981v1